# Case No. 6,113.

## HARRIS v. ALEXANDER.

[4 Cranch, C. C. 1.] [1]

Circuit Court. District of Columbia. April Term, 1830.

SLAVE—RESIDENCE WITHIN COUNTY OF WASHINGTON—FREEDOM.

The right of a citizen of the United States to import a slave into the county of Washington under the second section of the Maryland act of 1796, c. 67, is forfeited by a sale of the slave within three years after the importation.

[Cited in Mary v. Talburt, Case No. 9,192.]

Petition for freedom [by Christopher Harris, a negro]. Verdict for the petitioner. Motion for new trial, on the ground that a sale within three years after importation into the county of Washington does not, per se, give a right to freedom, but is only evidence of importation for sale; and it was agreed that if the court should be of that opinion, a new trial should be granted; and the counsel referred to the case of Jordan v. Sawyer [Case No. 7,521], in this court, in Washington, at April term, 1823, and Maria v. White [Id. 9,076], at December term, 1829. The slave was brought into the county of Washington, with the defendant [Nelly Alexander], to reside; but the defendant sold him before the expiration of three years. By the first section of the act of Maryland of 1796, c. 67, it is enacted, "That it shall not be lawful to import or bring into this state, by land or water, any negro, mulatto, or other slave, for sale, or to reside within this state; and any person brought into this state as a slave, contrary to this act, if a slave before, shall cease to be the property of the person or persons so importing," &c., "and shall be free." By the second section it is provided, "That it shall be lawful for any citizen or citizens of the United States, who shall come into this state with a bona fide intention of settling therein, to import or bring into this state, at the time of his or her removal into this state, or within one year thereafter, any slave or slaves, the property of such citizen at the time of his or her said removal," &c. And by the third section it is further provided, "That nothing herein contained shall be construed to enable any person or persons so removing to sell or dispose of any slave or slaves, imported by virtue of this act, or their increase, unless such person, &c., shall have resided within this state three whole years next preceding such sale, except in cases of disposition by will, and dispositions by law for bona fide debts, or consequent upon intestacy."

Mr. Taylor, for petitioner. The petitioner having been imported "to reside," is entitled to his freedom, unless the defendant was protected from the forfeiture of the first section by being within the proviso of the sec-

[1] [Reported by Hon. William Cranch, Chief Judge.]

ond section; and she is not protected by the second section, if the petitioner was sold within three years, contrary to the third section.

Mr. Mason, for defendant, submitted the case to the court without argument.

THE COURT (nem. con.) refused the new trial; being of opinion that the third section of the Maryland act of 1796, c. 67, is a qualification of the license to import given by the second section; that is, you may bring your slaves with you to reside, provided you do not sell within the three years. If you sell within the three years you forfeit your privilege under the second section. Judgment for the petitioner.